# COURT OF ERRORS AND APPEALS

OF THE

## . STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

MARCH TERM, 1914.

Philip I. Marvel

*v.*

William E. Jonah.

[Argued November 20th, 1913.   Decided June 15th, 1914.]

1. Upon the dissolution of a copartnership agreement between the complainant and defendant, and another, who were physicians practicing their profession in the city of Atlantic City, because of continued violations by the defendant of certain provisions contained in the copartnership agreement, the complainant is entitled to the enforcement against the defendant of a restrictive covenant, contained in that agreement, by the terms of which the defendant bound himself, in case the partnership was terminated because of violations of the contract by him, to refrain from practicing his profession in said city for a period of three years thereafter.

2. The damages arising from the breach of such a covenant would be continuing, accruing from day to day, and it would be impossible to ascertain the money loss sustained by the complainant therefrom with anything approaching accuracy. A suit at law therefor would afford no adequate remedy, and when this is the case the court of chancery should enforce the covenant by granting an injunction to prevent the breach of it.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *81 N. J. Eq. 369.*

*Messrs. Bourgeois & Coulomb,* for the appellant.

*Mr. Allen B. Endicott* and *Mr. Robert H. McCarter,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant and defendant are practicing their profession in the city of Atlantic City, together with one Dr. Durand, as partners. The bill filed by the complainant prays an accounting from the defendant, the dissolution of the partnership relationship between them, because of continued violations by the defendant of certain provisions contained in the partnership agreement, and the enforcement against the defendant of a restrictive covenant contained in that agreement, by the terms of which the defendant bound himself, in case the partnership was terminated because of violations of the contract by him, to refrain from practicing his profession in Atlantic City for a period of three years next thereafter. The learned vice-chancellor before whom the case was heard in the court below held that the complainant was entitled to an accounting, and to have the partnership dissolved because of breaches of the partnership agreement by the defendant, but refused to enforce against the latter the restrictive covenant, because he considered that to do so "would be unjust and unnecessarily oppressive." From so much of the decree as refuses an injunction against the defendant re-

straining him from practicing in Atlantic City during the stipulated period the complainant appeals.

Dr. Marvel began the practice of medicine in Atlantic City about 1884. His practice gradually grew to such an extent that in 1905 it became necessary for him to employ an assistant. Dr. Jonah, who had graduated from a medical college five years before that time, was selected by him for that position. In 1906, Dr. Marvel found it desirable to employ a second assistant, and took in Dr. Durand. In 1908, the complainant and defendant entered into a parol partnership agreement which, in 1910, was superseded by that which is involved in the present controversy. It is apparent from the proofs that the present development and value of the practice of the firm is, in large measure, due to the efforts and reputation of Dr. Marvel; and that his purpose in having the restrictive covenant put in the partnership agreement was to prevent the younger members of the firm, after having been brought into association with his patients, as his representatives, from setting up an independent practice in Atlantic City, and taking with them such patients, or any of them.

The conclusion of the learned vice-chancellor that it would be unjust and unnecessarily oppressive to enforce the restrictive covenant against Dr. Jonah, seems to be based upon the idea that, although the independent practice of his profession in Atlantic City by Dr. Jonah will result in the loss of patients by Dr. Marvel, yet, even after such loss, the latter's practice will still be so large as to be beyond his ability to cope with it without the assistance of others, and, consequently, that the restraint sought by him against Dr. Jonah would be of little value to him if granted. The premises do not justify such a conclusion. If Dr. Marvel has built up a practice so large that he is unable to take care of it without the aid of qualified assistants, he is entitled to the emoluments thereof, and to be protected against the loss of those emoluments through illegal competition. It will hardly do to say that a man who has built up a business so extensive that he cannot handle it without the aid of a staff of assistants, suffers no loss or injury by its diminution in volume to such an extent that he no longer needs assistance to carry it on, provided that

what remains of it is sufficient to fully occupy his own time. Common experience is to the contrary.

But the right of Dr. Marvel to the aid of a court of equity to restrain Dr. Jonah from violating his covenant to refrain from practicing his profession in Atlantic City for three years after the termination of their partnership agreement, does not depend upon the extent of the injury to his business which would result from such violation. It is sufficient that such injury be material. Where there is an express covenant, and an uncontroverted injury arising from the breach of it, equity will grant an injunction to restrain such breach, where the injury arising therefrom cannot be repaired, nor estimated in dollars and cents. The damages arising from the breach of a covenant such as that now under consideration would be continuing, accruing from day to day, and it would be impossible to ascertain the money loss sustained by Dr. Marvel therefrom with anything approaching accuracy. A suit at law, therefore, would afford no adequate remedy; and when this is the case, a court of chancery should enforce the covenant by granting an injunction to prevent the breach of it. *Butler* v. *Burleson, 16 Vt. 176; Timmerman* v. *Dever, 52 Mich. 34; Wilkinson* v. *Colley, 164 Pa. St. 35; Gravely* v. *Barnard, L. R. 18 Eq. 518.* In each of the cited cases the complainant, a physician, appealed to a court of equity to restrain a fellow-practitioner from violating a covenant very similar in its legal aspects to that which Dr. Marvel claims the benefit of. In each of them the restraint prayed for was decreed, and this was done without any consideration of the extent of the injury which the plaintiff would suffer from a violation of the covenant.

The conclusion of the learned vice-chancellor that the granting of the restraint asked for by Dr. Marvel would be unjust to the defendant, seems to be based upon the idea that the latter would thereby be deprived of the privilege of pursuing his practice in the only field of his acquaintance. But this idea is not justified by the proofs in the case, for from them it appears that the practice of the firm is not confined solely to the city of Atlantic City, but embraces Ventnor, Margate and Longport, boroughs which are adjacent thereto. But even if the deprivation

should be as complete as the learned vice-chancellor seems to think it would, we see no injustice in compelling Dr. Jonah to live up to the covenant solemnly entered into by him, and which was one of the causes inducing Dr. Marvel to admit him into partnership, and to a share in the benefits of the practice which he had built up. The fact that the performance of such a promise involves personal hardship, or pecuniary loss, to the promisor, affords no justification for non-performance. If the law recognized such an excuse for the breach of a contract of this kind, very few cases would be found in the books where the performance of such negative covenants had been compelled by injunction; for speaking generally it is only where the performance of the covenant is disadvantageous to the covenantor that he refuses to perform it, and renders it necessary for the party for whose benefit it is made to apply to the courts for relief.

The above views lead to a reversal of so much of the present decree as is brought before us by this appeal. The record will be remitted to the court of chancery with a direction that an injunction issue against Dr. Jonah restraining him from the practice of his profession in the city of Atlantic City for a period of three years from and after the making of the decree in that court. The complainant below is entitled to costs.

GARRISON, J. (dissenting).

I agree that Dr. Marvel was entitled to the measure of protection stated in the majority opinion, viz., that Dr. Jonah often having been brought into association with Dr. Marvel's patients should not set up an independent practice in Atlantic City and take with him such patients, or any of them. I very fully agree that a covenant to this effect would be one that a court of conscience ought to enforce. The present covenant, however, goes away beyond such protection and penalizes Dr. Jonah by prohibiting him from practicing not only among such patients of Dr. Marvel's but also among the hundreds of thousands of persons who annually visit Atlantic City without ever having heard of Dr. Marvel.

Such a covenant, while good in law, is, owing to its highly penal character, one to the enforcement of which equity refuses

to lend its aid, leaving the parties to the courts of law where the complainant can obtain redress that is exactly proportioned to the injury he has suffered.

This was the view of Vice-Chancellor Leaming, in whose conclusions I concur and vote to affirm the decree advised by him. I am requested by Mr. Justice Bergen and by Judge White to say that they concur in the foregoing views.

*For affirmance*—GARRISON, BERGEN, WHITE—3.

*For reversal*—THE CHIEF-JUSTICE, PARKER, MINTURN, KALISCH, BOGERT, VREDENBURGH, HEPPENHEIMER—7.