CHARLES SCHERMAN and SAMUEL FEIGELSON, complainants-respondents.

*v.*

JACK STERN and MAY STERN, defendants-appellants.

[Submitted March 27th, 1922. Decided June 19th, 1922.]

1. There is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promisee. It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction.

2. When a prospective purchaser is induced to buy a business and good-will by the agreement of the manager of the business not to engage in a competing business, and such purchaser agrees to employ such manager for one month at the same salary and to furnish him and his wife living quarters free for the same period, a sufficient consideration exists for the manager's promise not to engage in a competing business.

3. While the general rule is that a preliminary injunction will not issue where the material fact in complainant's bill and affidavits, on which the complainant's right depends, is met by a full, explicit and circumstantial denial under oath, yet, where the denial lacks these essential qualities, and upon the entire showing from both sides it appears reasonably probable that the complainant had the right claimed, the injunction may issue.

4. In a contract not to engage in a competing business the restraint must be reasonable. The test to be applied in deciding whether the restraint is reasonable or not is to consider whether it is only such as is necessary to afford a fair protection to the interest of the party in whose favor it is given, and not so large as to interfere with the interests of the public.

5. It is no objection to an agreement not to compete with a mercantile business that the restraint is unlimited in point of time when it is reasonably limited in point of space.

6. Where the complainants declined to purchase a business and good-will unless the defendants would covenant not to compete therewith, neither the fact that the restraint was unlimited in point of time, nor the fact that the restraint continued after the business should be sold by the complainants, renders the covenant unreasonable.

7. An injury is irreparable when it cannot be adequately compensated in damages or when there exists no certain pecuniary standard for the measurement of the damages. Inadequacy of damages as a compensation may be due to the nature of the injury itself or the nature of the right or property injured. Acts destroying a complainant's business, custom and profits do an irreparable injury and authorize the issuance of a preliminary injunction.

On appeal from an order of the court of chancery advised by Vice-Chancellor Fielder.

*Messrs. Stein, Stein & Hannoch (Herbert J. Hannoch* on the brief), for the appellants.

*Messrs. Blatt & Lesser (Louis B. Lesser* on the brief), for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from an order of the court of chancery granting a preliminary injunction restraining the defendants, until further order of the court, from engaging, directly or indirectly, in the selling of candy, stationery and tobacco, at the post-office building in Metuchen, in this state, in competition with the complainants.

Without regard to certain particulars hereinafter to be noted, the situation as disclosed by the bill and affidavits was this:

Prior to October, 1921, the defendant Jack Stern was employed by Abraham Miller as manager and salesman in his candy, stationery and tobacco store at Metuchen. He was assisted at intervals by his wife, May Stern, the other defendant. Miller desired to sell the business and good-will to the complainants. The complainants knew that the defendants had considerable acquaintance in Metuchen, and had personal influence with the local trade, and refused to buy unless both the defendants and Miller would agree not to compete with that business in Metuchen. After exacting a promise from the com-

plainants to employ Stern for one month at the same salary and to allow him and his wife to live upon the premises, rent and light free for that period, the Sterns, with full knowledge of the complainant's attitude, signed a contract, under seal, dated October 22d, 1921, covenanting therein, for a stated consideration of one dollar (which was paid) not to open or to be engaged or employed in, directly or indirectly, any business in Metuchen, New Jersey, similar to the one sold by Miller to the complainants, and further covenanted that this obligation was to "remain in force after the above-mentioned store will be sold to other parties."

Complainants then paid Miller $3,000 and he conveyed to them, their executors, administrators and assigns, the business and good-will in question, and further covenanted not to engage in competition with the business. The complainants immediately took over the business, retained the services of Mr. Stern for one month, and permitted him and his wife to occupy the apartment on the second floor, rent and light free. At the end of that month, the Sterns opened a cigar, stationery and candy store in the post-office building in Metuchen, within two hundred feet of the business purchased and conducted by the complainants.

It was the conduct of that business which was enjoined by the order under review.

We are of the opinion that the injunction should stand until final hearing.

There is no merit in the first contention of the appellants that the injunction was improper because their agreement not to engage in a competitive business was without a sufficient consideration.

The rule is that there is a sufficient consideration for a promise if there is any benefit to the promisor or any loss or detriment to the promisee. *W. G. Root Construction Co.* v. *West Jersey and Seashore Railroad Co., 85 N. J. Law 645; Burgesser* v. *Wendell, 73 N. J. Law 286.* It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom

it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction. *Holt* v. *United States Security Loan Insurance Co., 74 N. J. Law 795.* Accordingly, in the present case, the payment of the $8,000 by complainants to the owner of the business upon the inducement of the promise of the Sterns not to engage in a similar business, and the agreement of the complainants to employ Stern at the same salary for one month and to furnish him and his wife living quarters free for the same period, was a sufficient consideration for the covenant not to compete.

In this same connection, the appellants further contend that the agreement upon which the complainants' right to relief is based is invalid because the true consideration on which it was founded has failed. But we see no merit in this contention. It is based solely on the unsupported statement of Jack Stern, in his answering affidavit, that, pending the negotiations for the sale of the business, the complainants agreed to pay him $300 upon the consummation of the sale, and that such payment was not made.

The complainants deny that any such promise was made.

Of course the existence of a right violated is a prerequisite to the granting of an injunction. The general rule is that a preliminary injunction will not issue where the material fact in complainants' bill and affidavits, on which the complainants' right depends, is met by a full, explicit and circumstantial denial under oath. *Brunetto* v. *Montclair, 87 N. J. Eq. 338; Meyer* v. *Somerville Water Co., 79 N. J. Eq. 613; Citizens' Coach Co.* v. *Camden Horse Railway Co., 29 N. J. Eq. 299.* But that is not this case. ' Without regard to what may possibly appear upon final hearing, we think the bare statement of the promise of $300 contained in Stern's affidavit is no sufficient reason for denying an injunction designed to preserve the *status quo* until final hearing. The affidavit lacked the essential qualities, and upon the entire showing from both sides it appears reasonably probable that the agreement was upon a sufficient consideration which had not failed, and that the complainants had the right claimed.

The appellants next claim that their agreement not to engage in a competing business is in restraint of trade and therefore unenforceable. We think not.

Of course in a contract not to engage in a competing business the restraint must be reasonable, and the test to be applied in deciding whether the restraint is reasonable or not is to consider whether it is only such as is necessary to afford a fair protection to the interest of the party in whose favor it is given, and not so large as to interfere with the interests of the public. *Taylor Iron Co.* v. *Nichols, 73 N. J. Eq. 684.*

In the present case the covenant was to refrain from engaging in or being employed in a business similar to that sold to the respondents, *i. e.,* a cigar, stationery and candy store, in Metuchen, a borough of about three thousand five hundred population. The agreement was, therefore, one where the restraint was reasonably limited in point of space but unlimited in point of time. Whatever may be the rule respecting contracts to desist from the practice of a learned profession (*Mandeville* v. *Harman, 42 N. J. Eq. 185*), certainly it is no objection to an agreement not to compete with a mercantile business that the restraint is unlimited in point of time when (as here) it is reasonably limited in point of space. *Carll* v. *Snyder, 26 Atl. Rep. 977; Finger* v. *Hahn, 42 N. J. Eq. 606; affirmed, 44 N. J. Eq. 604; Trenton Potteries Co.* v. *Oliphant, 58 N. J. Eq. 507.*

Neither the fact that the restraint was unlimited in point of time, nor the fact that the "obligation remains in force after the above-mentioned store will be sold to other persons" renders the covenant unreasonable. The restraint was no greater than was necessary to afford fair protection to the complainants. The Sterns had influence with the trade in that line in the borough of Metuchen and the complainants reasonably desired to avoid the exercise of that influence to their prejudice. In purchasing the good-will of the business they may be fairly supposed to have purchased, not only for their own immediate purpose and benefit, but for the purpose of sale, or, perchance, for the use of their personal representatives. *Carll* v. *Snyder, supra.* If the defendants desired to continue in a similar line of business, the

whole world outside of Metuchen was open to them. If they desired to engage in another line of business in Metuchen they were at liberty to do so.

It is also clear that the restraint was not so great as to interfere with the interests of the public. It cannot be said that the public suffers an injury in being deprived of the privilege of buying candy, stationery and tobacco of the defendants who, according to the present showing, attempted to carry on the business in violation of their solemn obligation not to do so. There is no great personal skill required in the business in question tending to limit the number of people who may engage in it in Metuchen, and the fact that the defendants are enjoined from engaging in the business there does not indicate that the people of the borough will suffer to any appreciable degree.

Lastly, it is contended that there "was no likelihood of irreparable injury so imminent as to warrant the court in granting the preliminary injunction."

But that contention is not well founded in fact. According to the affidavit of one of the complainants, the defendant Jack Stern said to him, shortly before opening up the competing business, "Charlie, you come across with some money or I will open a store in this town, and in six months' time your store will be worth $1,000;" that complainant replied, "Why you and your wife have agreed not to do that," to which Stern responded, "Never mind my agreement." This was not denied by Stern. The threat seems to have been put in process of execution. The affidavits show that the complainants' business was greatly injured by the opening up of the competitive business of the defendants. An injury is irreparable when it cannot be adequately compensated in damages or when there exists no certain pecuniary standard for the measurement of the damage. Inadequacy of damages as a compensation may be due to the nature of the injury itself or the nature of the right or property injured. Acts destroying a complainant's business, custom and profits do an irreparable injury and authorize the issue of a preliminary injunction. That, according to the present showing, is this case.

The order under review will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK—13.

*For reversal*—BLACK—1.