GOLDEN CRULLER AND DOUGHNUT COMPANY, INCORPORATED, .
complainant,

v.

SOLOMON MANASHER and WILLIAM CENNON, defendants.

[Decided December 13th, 1923.]

1. The disclosure of secrets which have came to one's knowledge
during the course of confidential employment will be restrained by
injunction.

2. Where employes of a corporation agree that they will not take
any agency for sale of the corporation's product, and will not sell
or turn over any list of the customers of the corporation, it is a vio-
lation of this agreement that will be enjoined by this court when
such employes, in anticipation of opening up a competing business,
go to customers of the corporation and try to prevail upon them
to discontinue patronizing the corporation, and to purchase from the
employe instead, and also try to entice other employes of the cor-
poration away from its service and into its own.

On b'll, &c.

*Mr. Daniel D. Loeb* (*Mr. Harry Lane,* of counsel), for the
complainant.

*Messrs. Fredman & Fredman,* for the defendants.

BENTLEY, V. C.

This is a bill to enjoin a breach of contract filed by an
employer against two former employes.

The defendants are, or were, employes of the complainant,
one being engaged in selling or delivering its products to its
customers, while the other was employed in the plant of the
company, whereby each of them learned much of the com-
pany's business, its methods and the names of addresses of
its customers. One of the defendants, Manasher, entered into
a written engagement upon being employed wherein, among
other things, he agreed:

"Not to take the agency for or sell crullers or doughnuts, pastry, bread, etc., that may be furnished me by any other baker, without first obtaining the written consent of the said party of the first part; and that I will do all in my power to build up and extend the deliveries of this route; also

"Not sell or turn over the list of customers on my route to any other party without first obtaining the written consent of said Golden Cruller and Doughnut Company."

The bill then alleges that, in anticipation of opening up a competing business with that of the complainants, Manasher has taken advantage of his knowledge of the customers that he supplied, gone to the latter and tried to prevail upon them to discontinue patronizing the complainant's business and to purchase from the defendants instead, while both of the defendants have attempted to entice other employes of the complainant away from its service and into their own.

Upon the filing of the bill making the foregoing allegations, an order to show cause was made with *ad interim* restraint to prevent the defendants from carrying out the acts above outlined. On the return thereof it is argued with regard to the defendant Cennon that he has never been served and knows nothing about this proceeding. If that be so, of course he cannot be bound by what has not been brought to his attention. But there is sufficient proof before me to make it appear that he has been served, and what I shall say with regard to Manasher applies equally to him.

Counsel representing the defendants argues that there is a distinction between the present case and one where a trade secret is involved, such as a secret formula of manufacture or secretly designed machinery, or something of that sort. I know of no such distinction, and I think that, clearly, any information obtained by an employe in a confidential manner is equally as sacred as such secrets I have just referred to.

It is said in *High Inj.* (at *pp. 26, 27*):

"The disclosure of secrets which have come to one's knowledge during the course of confidential employment will be restrained by injunction. * * * And in such case it is unnecessary that there should be an express covenant upon the part of the defendant not to disclose the secrets of plaintiff's business if such an agreement may

fairly be implied from the circumstances of the case and the relation of the parties." *Stone* v. *Grasselli Chemical Co., 65 N. J. Eq. 756; Taylor, &c., v. Nichols, 73 N. J. Eq. 684.*

It seems to me that this is a typical or a classical instance for the intervention of this court by its right.

Counsel has also directed my attention to the cases of *Mandeville* v. *Harman, 42 N. J. Eq. 185; Sternberg* v. *O'Brien, 48 N. J. Eq. 370,* and *Cosmos Dyeing and Printing Works* v. *Calderini et al., 91 N. J. Eq. 378.* These apply to the entirely distinct question of an unreasonable contract in restraint of trade. They all contemplate contracts where the employe is deprived of the right of making a livelihood under any and all circumstances; whereas, the instant case deals with the effort to prevent an employe not from entering into a competing business, but utilizing in that business the valuable list of customers that the employer by his efforts and the expenditure of his capital has succeeded in getting together.

Were this a court of law, there might be some force to the argument that the allegations of the bill cannot be superimposed upon the conditions of the agreement that the defendant signed. But such an argument is not received in this court with any favor, and is never decisive unless the strict legal rights of the defendant overcome the equity of the complainant's position.

It would be difficult for the defendants to preserve composure of their respective countenances were they to pretend that their agreement contemplated that while they should not disclose the methods and customs of their employer to any other competitor they might with perfect propriety appropriate to their own use, as competitors, the same information. The very statement of the fact carries with it its own answer. For what purpose, as a reasonable man, did the defendant Manasher think he was required to keep secret and employ only for the complainant's benefit the list of customers that was entrusted to him?

Nor is there any merit to the argument drawn from the case of the *Citizens Coach Company* v. *Camden Horse Railroad Company, 29 N. J. Eq. 299,* and *Kearny* v. *Bay-*

*onne, 92 N. J. Eq. 627,* namely, that a temporary injunction should not be granted when the right of the complainant depends upon an unsettled question of law. In this case the only question involved *is* whether or not men shall be held to fair dealing and a compliance with the valid contracts that they make.

I will advise an injunctive order.