Max Katz, complainant-appellant,

v.

Max Newman et al., defendants-respondents.

[Argued November 3d, 1924.    Decided January 19th, 1925.]·

1. On an application to restrain the vendor of a business and its good-will from violating a covenant not to engage in the same or similar business within an area mentioned, the difficulty of defining the exact area to which the restriction was intended to apply does not prevent the court from enforcing it to the extent of a definite and divisible part of such area to which at least the parties certainly intended it to apply, and which is necessary for the protection of the business and not opposed to public interests.

2. The vendor of a grocery business and its good-will, which was carried on at No. 607 Summit avenue, Jersey City, covenanted with his vendee that he would not engage in the same or similar business "for a period of five years within a radius of twenty square blocks from said 607 Summit avenue, Jersey City." *Held,* that by the true construction of the covenant it should be read as binding the vendor not to engage in the same or similar business "either in the premises No. 607 Summit avenue, Jersey City, or within a radius of twenty square blocks from such premises;" *held, further,* that the covenant so read describes a divisible area, and that if the area of the restraint contracted for, so far as it embraces territory outside of such premises, is indefinite or difficult of exact definition, still, in respect to the premises No. 607 Summit avenue, it is definite and clearly necessary for the protection of the business as it existed at the time of the sale, and, to that extent, is capable of enforcement.

On appeal from an order of the court of chancery advised by Vice-Chancellor Bentley.

*Messrs. Levilan & Levitan,* for the appellant.

*Messrs. Gross & Gross,* for the respondents.

The opinion of the court was delivered by

TRENCHARD, J.

In this case the complainant filed his bill to enjoin the defendants from conducting a grocery business in violation of a covenant in a bill of sale held by the complainant.

Upon the filing of the bill and affidavits there was granted an order to show cause why a preliminary injunction should not issue "restraining the defendants from further operating the grocery business at No. 607 Summit avenue, Jersey City." On the return of that order (as appears by the vice-chancellor's opinion) "no answer was filed or any affidavits or other proofs submitted on behalf of the defendants," the defendants taking the position (as appears by their brief) that the covenant in the bill of sale "was indefinite, and, therefore, unenforceable," and no other question was raised. In that situation the learned vice-chancellor, after argument, dismissed the order to show cause, and from that action this appeal was taken.

We are of the opinion that such dismissal cannot be sustained.

The complainant's bill and affidavits disclosed that on October 20th, 1920, the defendant Mary Newman, by bill of sale in writing, sold her grocery business, and its good-will, at No. 607 Summit avenue, Jersey City, to the complainant, Max Katz, and Sam Suchman (and their assigns), who took immediate possession; that the consideration therefor was $1,950, in the proportion of $450 for the stock and fixtures and $1,500 for the good-will; that such bill of sale, among other things, provided that "the party of the first part also agrees not to engage, directly or indirectly, in the same or similar business for a period of five years within a radius of twenty square blocks from said 607 Summit avenue, Jersey City;" that in June, 1922, Sam Suchman assigned his one-half interest in such business to the complainant; that on March 1st, 1923, the complainant removed such business from the building, No. 607 Summit avenue, to No. 611 Summit avenue, two doors away from the original location, where he now conducts it; that on December 20th,

1923, the defendant Mary Newman opened up and proceeded to operate a grocery business, under the name of Max Newman (her husband), the other defendant, at the original location (No. 607 Summit avenue), in all respects similar to that sold to the complainant, and at once began to solicit the trade of the complainant, to the latter's injury.

Without regard to what may possibly appear on final hearing, we think the situation thus disclosed entitled the complainant to a preliminary injunction.

Of course, a contract such as that in question, which is in partial restraint of trade, is not objectionable to public policy, unless it goes farther than is reasonably required for the protection and enjoyment of the business sold, or unless the restraint is so great as to interfere with the interests of the public. *Fleckenstein Brothers Co.* v. *Fleckenstein, 76 N. J. Law 613; Scherman* v. *Stern, 93 N. J. Eq. 626.* As we have pointed out, it its not contended that the covenant not to engage in the grocery business "for a period of five years within a radius of twenty square blocks from 607 Summit avenue, Jersey City," was greater, either in point of time or space, than was reasonably required for the protection and enjoyment of the business sold, or that the restraint is so great as to interfere with the interests of the public.

The defendants, however, did contend (and now contend), and the court below concluded, that the covenant was too indefinite in respect to space to be enforced, and for that reason the vice-chancellor refused relief. He relied mainly upon two cases in the court of chancery, namely, *Messinger* v. *Franzblau, 118 Atl. Rep. 260,* and *Tsangas* v. *Broogos, 2 N. J. Adv. R. 139; 95 N. J. Eq. 499.* But those cases are distinguishable from this, and, we think, are not applicable here, and so call for no further comment.

It may be conceded that the precise boundary lines of the restricted area are indefinite or difficult of exact determination because of the use of the word "radius" in connection with "square block." And in this connection the defendants argue that, taking the premises in question (No. 607 Summit avenue) as the starting point, and proceeding in every possible direction "twenty square blocks," would not result

in a perfect geometrical circle, owing to the alleged irregularity of the different blocks in the neighborhood. But this, if true, we regard as unimportant in the circumstances of this particular case.

By analogy with the sale of the good-will of a business, the difficulty of defining the exact area to which the restriction was intended to apply, does not prevent the court from enforcing it to the extent of a definite and divisible part of such area to which, at least, the parties certainly intended it to apply, and which is necessary for the protection of the business and not opposed to public interests. *Fleckenstein Brothers Co.* v. *Fleckenstein, supra; Trenton Potteries Co.* v. *Oliphant, 58 N. J. Eq. 507; Hubbard* v. *Miller, 27 Mich. 16; 15 Am. Rep. 153; 6 R. C. L. 903.*

As we have pointed out, according to the uncontradicted averments of the bill and affidavits, the defendants, after taking the complainant's money, and making the covenant in question, opened up a competitive business in the very premises in which the original business sold was carried on, upon complainant's removing the business which he had purchased, with the good-will, two doors away in the same block.

By the terms of the covenant the defendant promised not to engage in a competing business "within a radius of twenty square blocks from 607 Summit avenue, Jersey City." No doubt the use of the word "radius" in this connection presents some difficulty, but we think that the covenant may be fairly read as binding the defendant not to engage in the same or similar business either in the premises, No. 607 Summit avenue, Jersey City, or within a radius of twenty square blocks from such premises. Reading it thus, the description is a divisible one, embracing not one whole area, but two areas disjunctively described. *Fleckenstein Brothers Co.* v. *Fleckenstein, supra.* If it be said that such construction, making the area embraced in the contract divisible, is a forced one, our reply is that it is not only a possible one, but when we consider the subject-matter in connection with which the language was used, our construction is in harmony with the undoubted intention of the parties to at least provide a restraint, for the protection of the pur-

chaser, from competition in the very premises where the business sold was located, and that is all the complainant asked for by his rule to show cause. If the area of the restraint contracted for, so far as it embraces territory outside of such premises, is indefinite or difficult of exact definition, still, in respect to the premises No. 607 Summit avenue, it is definite and clearly necessary for the protection of the business as it existed at the time of the sale, and, to that extent, is capable of enforcement.

This conclusion renders it unnecessary to determine the exact extent of the broader sweep of the restricted area, or the rules by which it may be determined. Such questions will be left for consideration when and if occasion arises. In the *Fleckenstein Case, supra,* the vendor of a business, the principal part of which was carried on in Jersey City, covenanted with his vendee that he would not engage in a competing business "within five hundred miles from the city of Jersey City at any time within a period of twenty years." It was there held that, although taken literally, that language did not include the territory of Jersey City within the protected area, nevertheless, by the true construction of the covenant, that territory is a part of the area from which the vendor has excluded himself, and that it should be read as binding the vendor not to engage in business "either in the city of Jersey City or within five hundred miles from that city;" and it was further held that the covenant, so read, describes a divisible area, and that, if the restraint contracted for, so far as it embraced territory outside of Jersey City, is unreasonable, and, to that extent, invalid, still, in respect to Jersey City, it was clearly unnecessary for the protection of the business as it existed at the time of the sale, and, to that extent, was capable of enforcement.

That case differs from this, in that there it was contended and assumed, for the purpose of the decision, that the covenant, in so far as it embraced territory outside of Jersey City, was unreasonable, and, therefore, opposed to public policy. Here no such question is presented, or even suggested, but the underlying principles of that case, as well as that of *Trenton Potteries Co.* v. *Oliphant, supra,* is pertinent.

The result is that the order appealed from must be reversed, with costs, and a decree made enjoining the defendants, until further order of the court, from further operating the grocery business at No. 607 Summit avenue, Jersey City.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 12.