This is the familiar case to enjoin the violation of a restrictive covenant in a bill of sale of the chattels and good will of a business consisting of cleaning, dyeing and tailoring work on personal clothing. The covenant reads:
"Party of the first part (defendant) further covenants and agrees not to participate in a similar business for a distance of ten blocks in all directions for a period of five years from the date hereof."
It is stipulated that the defendant has re-engaged in the same business at a location where there are less than five blocks intervening between his present place of business and the one in which he formerly operated the establishment that was sold to the complainant. It is also stipulated that about two and a half weeks after the sale the defendant interviewed the attorney that represented the complainant in the sale and said he wanted to go into the same business again at the place which he now occupies and was told by the attorney that he could not do so because it would violate the covenant which had been fully discussed at the time the transaction was consummated. He then told the attorney that he knew that the re-establishing of himself in such a business at that address would constitute a violation.
A closely reasoned and very carefully prepared argument has been presented by counsel for the defendant. He relies upon the case of Messinger v. Franzblau, 118 Atl. Rep. 260 (not officially reported). In support and explanation thereof there are cited Tsangas v. Broogos, 95 N.J. Eq. 499; Weliky v.Zabrzewski, 96 N.J. Eq. 203; Katz v. Newman, 97 N.J. Eq. 284;Goldstein v. Bookstaber, Docket 63, p. 393, in the clerk in chancery's office; 6 Page Cont. 5783; and a maxim and several rules of law not necessary to be dealt with here because of what is now to be said. *Page 92 
There can be no doubt as to what is meant by the decision in the Messinger Case, but this case I think is distinguishable. It is certainly the law of this court that the term "blocks" in such a covenant as this renders the covenant too indefinite to be the subject of specific performance. However, applicable as this rule was to the particular facts in that case, it should not be extended to permit inequitable conduct of the nature now about to be examined.
The facts in the case at bar disclose that when the defendant accepted the complainant's money at the closing of their transaction, seventy per cent. thereof was for the protection intended to be afforded by the covenant. Fortunately, in this case, there can be no doubt as to what the defendant understood the language of that instrument to mean. He knew that it meant what every such a covenantor knows as a matter of fact, namely, that he was not to establish a competing business at any place so located that one could traverse the intervening streets by the usual and most direct route without passing at least ten full blocks as they actually existed upon the ground at the time the agreement was made. In this case the defendant has established a business less than half that many blocks away. That he knew and thoroughly understood the agreement which he had made and for which he had taken the complainant's money is clearly shown by his conversation with the complainant's former attorney and his own admission against interest. To permit him to make off with whatever benefits he could thus filch from the defendant would be to allow him to take advantage of a most unconscionable violation of his promise made upon a valuable consideration.
I agree with counsel for the complainant that this case comes more nearly within the rationale of Mazie v. Wilson, 103 N.J. Eq. 569; 144 Atl. Rep. 13. In that case Wilson operated two butcher shops in the city of Camden when Mazie first negotiated with him for the purchase of the fixtures and good will of one of the stores, A. But learning that Wilson conducted another store, B, Mazie declined to buy. The two stores were about eight blocks apart. Later, *Page 93 
Wilson discontinued the business at B and closed it up, whereupon Mazie purchased A and received a bill of sale, with a covenant not to compete within "a radius of twenty squares." Subsequently, another man leased the store B and established a competing business, with Wilson the ostensible manager, but with Wilson's name stressed in all the advertising of the new business. Vice-Chancellor Leaming, brushing aside all technicalities on the use of the word "squares," decided that Wilson was in competition and at a place contemplated by his covenant, and enjoined Wilson's operating the business at B because the peculiar facts of that case showed beyond doubt that Wilson intended to lead Mazie to believe that he would not compete there, anyway. Just so in the case at bar. The defendant's conduct, less than three weeks after the sale, shows that he intended to make the complainant think that he would have no competition from the defendant at B. He won't if I can prevent it.
In Katz v. Newman, supra, I refused to enjoin a violation of a covenant such as is now being discussed on the strength of the Messinger Case. There, the covenantee subsequently moved his business into the premises a door or two from the place where the business he had purchased was conducted at the time he acquired it. Afterward, the covenantor moved back into the very premises where he had previously been located and opened a competing business. I did not know of the decision inFleckenstein Bros. Co. v. Fleckenstein, 76 N.J. Law 613. The court of errors and appeals, applying that case to the case ofKatz v. Newman, reversed my order, because they said that it certainly had been intended by both of those parties that the covenantor would not set up a competing business in the very premises in which the business sold was originally carried on. Likewise in the case at bar, this defendant intended his covenant to apply to an address which, within three weeks thereafter, he admitted to be within the meaning of the covenant.
I will advise an injunction in accordance with the prayer of the bill. *Page 94