J. I. KISLAK, INCORPORATED, a corporation of New Jersey, complainant,

*v.*

IRVING J. ARTOF and C. B. SNYDER COMPANY, INCORPORATED, a corporation, defendants.

[Decided February 7th, 1935.]

*Messrs. Gross & Gross,* for the complainant.

*Mr. Sylvan Cohen,* for the defendants.

EGAN, V. C.

The complainant, engaged in the real estate business, seeks a preliminary injunction to enjoin the defendant Artof, one of its former salesmen, from violating the provisions of an employment contract entered into between them, and to enjoin the defendant C. B. Snyder Company, Incorporated, by whom defendant is employed since about June 1st, 1933, as a salesman, from aiding him in the violation of the contract. The contract, among other things, provides that the defendant shall not enter into the real estate brokerage, real estate management, real estate mortgage or insurance brokerage business, or any other branch of the real estate business as conducted by the complainant, either as broker or salesman, principal or agent, employer or employe, officer, director, or otherwise, directly or indirectly in the counties of Hudson and Bergen, for a period of one year after the termination of said contract. It also provided that the maintenance by Artof of an office or other place of business within Hudson or Bergen county, for the transaction of any such real estate business, or entering into the employ of, or connecting or affiliating himself with anyone maintaining such an office or place of business in Hudson or Bergen county, should be considered a violation of the covenant not to engage in the said business in the counties mentioned.

The violation of the contract by the defendant has been clearly established.

The complainant had built up an extensive realty business in the counties of Hudson and Bergen and employed a number of salesmen, among them Artof. These salesmen were assigned to certain territories; Artof was given the counties of Hudson and Bergen. Complainant had accumulated extensive records of real estate information and listings of prospective buyers and sellers of real estate; to these records the members of the complainant organization, including defendant Artof had access. The business of complainant with

its customers, and its listings of real estate, were discussed by its salesmen, officers and directors at regular meetings. These records of the complainant, and the business discussed and considered at the meetings, were all unquestionably of a confidential character and should have been so regarded.

Under the terms of the contract, in the event that either party would terminate it, they could do so only by giving written notice to that effect on or before February 28th, 1933, otherwise, it should continue to remain in force for another year. Artof on or about June 1st, 1933, left the complainant's employ without giving any notice and associated himself as a real estate salesman with the defendant C. B. Snyder Company, Incorporated, a competitor of the complainant, whose office was located in Hoboken, in Hudson county, and he immediately proceeded to solicit the customers of the complainant who had been such during the time that the defendant was employed by it.

The defendant Artof entered the complainant's employ without having had any experience in the real estate business and he continued in such employ from year to year for a period of seven years; through said employment he acquired knowledge of the realty business and obtained confidential information—the use of which against complainant's interests would, to some extent, be an element of irreparable damage; and to permit Artof to use this confidential information, and thus make business contacts, at the expense, and to the detriment, of his former employer whose rights he solemnly pledged himself in writing to respect, would, in effect, be to encourage, approve, and place a premium upon fraud.

The defendant makes three points in opposition to the granting of the relief prayed for. First, he denies the material allegations of the bill and contends a preliminary injunction should not be granted. The answer is found in the opinion by the court of errors and appeals in the case of *Ideal Laundry Co.* v. *Gugliemone, 107 N. J. Eq. 108; 151 Atl. Rep. 617:* "While the general rule is that a preliminary injunction will not issue where the material facts in complainant's bill and affidavits, on which the complainant's right depends, is met by a full, explicit, and circumstantial

denial under oath, yet where, as here, the denial lacks these essential qualities, and upon the entire showing from both sides it appears reasonably probable that the complainant had the right claimed, the injunction may issue. *Scherman* v. *Stern, 93 N. J. Eq. 626; 117 Atl. Rep. 631; Brunetto* v. *Montclair, 87 N. J. Eq. 338; 100 Atl. Rep. 201; Meyer* v. *Somerville Water Co., 79 N. J. Eq. 613; 82 Atl. Rep. 915; Citizens' Coach Co.* v. *Camden Horse Railway Co., 29 N. J. Eq. 299.*"

This case comes squarely within that rule, for here, the defendant has utterly failed in the particulars thereby required. A further reason is, that in the instant case, great and irreparable injury will be suffered by the complainant should preliminary relief be denied it. That circumstance brings it within the exception laid down by the court of errors and appeals in *Citizens' Coach Co.* v. *Camden Horse Railway Co., supra,* which is referred to in the *Ideal Laundry Co. Case, supra,* and in the case of *Scherman* v. *Stern, supra,* likewise cited therein.

The second ground of relief urged by the defendant is that the loss suffered by the complainant is not irreparable in character since the commissions to be earned by the defendant Artof may be readily calculated. That, however, is not the measure of the injury to the complainant. The impairment of its business and the diversion of its clientele to other channels, is of a much more serious nature. That loss, or damage, is not calculable or readily ascertainable. *Ideal Laundry Co.* v. *Gugliemone, supra; Marvel* v. *Jonah, 83 N. J. Eq. 295; 90 Atl. Rep. 1004; Golden Cruller and Doughnut Co.* v. *Manasher, 95 N. J. Eq. 537; 123 Atl. Rep. 150; American Ice Co.* v. *Lynch, 74 N. J. Eq. 298; 70 Atl. Rep. 138.*

The third point made by the defendant is, that under the provisions of paragraph 10 of his contract with the complainant, the complainant is entitled to an injunction to run for a period of one year from the final decree and not before. It seems clear, however, that the covenant is a divisible one, as was held by the court of errors and appeals to be the situation, with a somewhat similar negative covenant, in the case

of *Katz* v. *Newman, 97 N. J. Eq. 284; 127 Atl. Rep. 255,* and *Fleckenstein* v. *Fleckenstein, 76 N. J. Law 613; 71 Atl. Rep. 265,* therein cited. The covenant provides independently of any other provision therein, that the defendant Artof shall not engage in the specified business within Hudson or Bergen counties, for a period of one year after the termination of his employment. It proceeds further to provide that in the event of legal proceedings are necessary for the enforcement of the covenant, the defendant may be enjoined for a year from the date of final adjudication. To give the covenant the interpretation contended for by the defendant, would permit him to continue to violate his contract for the entire period up to final decree during which time the destruction of the complainant's business may be accomplished and the purpose of the injunction entirely frustrated. It seems to me that the object of the contract provision is to protect the complainant against a violation thereof during an entire year after the termination of the employment, but that if the employe, during that time, avails himself of the benefit of complainant's business by his violation of the contract, that thereby he exposes himself to a further restraint for a period of one year after the final determination of the cause. To adopt the construction of this covenant, as contended by the defendant, would be tantamount to ignoring the inhibition against his engaging in the business within the prescribed territory within the year period, and by his very violation to extend him license to continue in that course. Such could not have been the intention, and defendant did not, according to his own affidavit, so understand it. In the case of *Golden Cruller and Doughnut Co.* v. *Manasher, supra,* it was held that: "In this case the only question involved is whether or not men shall be held to fair dealing and a compliance with the valid contracts that they make."

I shall advise an order enjoining the defendant Artof, in the language of the covenant, and the defendant C. B. Snyder Company, Incorporated (which does not deny knowledge of complainant's rights under its contract), from continuing Artof in its employ in violation of the covenant.