The complainant is an Ohio corporation engaged in tree surgery. It has applied for a preliminary restraint against a former employe for violating a covenant of his contract of employment, reading as follows:
"Said employe agrees that he will not directly or indirectly, during his employment with the Davey Tree Expert Company, and for a period of two years after ceasing to be so employed, engage in any way in any work competitive with the business of the Davey Tree Expert Company in any of its territories in the United States and Canada in which the said employe serves while in the employ of the Davey Tree Expert Company."
Complainant contends that it expends large sums in research and experimentation, and in training its employes in order "to develop and improve its methods and the quality *Page 176 
of its service to the public." It claims it pays huge sums in advertising the nature and character of its business for the "primary purpose of educating the owners of fine trees as to the importance and the possibility of preserving them from injury occasioned by decay, fungus and insect pests," and that its treatments and processes are to some extent secret.
The defendant became employed by the complainant as a sales representative about July 26th, 1934, and continued until he tendered his resignation on March 1st, 1938. His original contract of employment was partly oral and partly in writing. Prior to his employment with the complainant, the defendant had been an automobile salesman. He had no training or experience in the care or preservation of trees or in soliciting orders for such service. The complainant put him through a course of training at its home office at Kent, Ohio, for a short period; and later, for about two months, gave him a course in sales methods, under the supervision of an experienced sales representative in Westchester county, New York. During the period of his education in the complainant's business, he was given a territory in New York state, with offices located at Syracuse. During the winter following, 1934-1935, he was sent to a territory in Tennessee, and worked from the main office in Nashville. In March, 1935, he was assigned to a new territory covering the counties of Bergen, Passaic and Sussex in New Jersey, and the counties of Orange and Rockland in New York. He remained in charge of these counties up to the time of his said resignation.
During the course of his employment, the complainant supplied the defendant with pamphlets, booklets and other written material, which showed the result of its researches and experimentations, and furnished information of the latest improved methods and processes for the better care of trees. Such information, the complainant contends, was disclosed only to its employes, and was not intended to be revealed to its competitors.
The defendant received commissions for the orders obtained by him, and cash advances (according to complainant's affidavits) in excess of earned commissions. *Page 177 
After leaving the complainant's employ, the defendant became an officer, or employe, of the Acme Tree Surgeons, Incorporated, a corporation of New Jersey, with its principal office at Englewood, Bergen county, New Jersey.
The affidavits of the complainant show that the defendant is competing with it, and is engaged in the same business as the complainant, in the territory where he had been complainant's representative for approximately three years. He has there solicited and procured orders for work from its customers, and has executed such orders.
The defendant admits the written agreement of employment. He acknowledges the training given, and the experience obtained, in procuring orders incident to the complainant's business. In effect, he concedes the complainant's allegations of the educational course; of the territory that was assigned to him; and of his resignation dated March 1st, 1938. He justifies his resignation with the contention that the complainant violated the employment agreement by failing to credit him with all the commissions to which he was entitled; and that in December, 1937, it reduced his drawing account.
Complainant's answer to the defendant's allegations as to its failure to credit him with commissions, shows that during the year 1935, the defendant's first year, they had been $1,479.60; and that they rose to $1,661.87 the following year of 1936; and that in the year 1937 his gross earnings dropped to $1,377.04. I am inclined to the opinion that the defendant does not stand on firm ground in his allegation that the complainant reduced his commissions. Such does not appear to be the fact; and, moreover, if it were so, I do not believe it would be a defense to the pending application.
While the defendant denies that he is an officer of the Acme Tree Surgeons, Incorporated, he does, however, admit that he is an employe of that company. He does not deny that as such employe, he is devoting his efforts to procuring business for his present employer in the territory where he was formerly employed by the complainant; and that he has solicited business from the complainant's patrons in that territory. *Page 178 
The complainant alleged that the defendant threatened, and declared, that he intended to continue to compete with it in the five counties herein last above mentioned. The defendant makes no denial of that allegation. He sent a communication to one Edward T. Clark, a former customer of the complainant, as follows:
"We have severed our relations with the Davey Tree Expert Co., Inc., and have formed a corporation of our own.
"We believe that we are in a position to render you a service in the care of your trees that is not to be surpassed by anyone, and at a cost considerably lower than you have been accustomed [sic] to paying."
The defendant charges also that the complainant failed to observe the terms of the contract of employment in these particulars: (1) That the complainant promised to re-assign him to Syracuse in the spring of 1935, but sent him, instead, to the New Jersey area. That contention seems to be without weight, since he continued to remain in the complainant's employ, for three years thereafter. He also admits that "as an inducement" he was given an increased drawing account. (2) He further charges a violation of the contract by the complainant in "not crediting him with commissions at the rate of four per cent. upon line-clearing work in his territory, done upon orders procured by other sales representatives." That allegation does not appear to be supported by specific facts; and, as complainant states, "it is not shown that the amount of such commissions claimed to have been earned, is enough to bring his commission-credits up to the sum of his cash advances." I do not think that the defendant's contention is a defense in the instant proceedings. The court of errors and appeals in the case of Ideal Laundry Co. v.Gugliemone, 107 N.J. Eq. 108, 115, in part said as follows:
"While the general rule is that a preliminary injunction will not issue where the material fact in complainant's bill and affidavits, on which the complainant's right depends, is met by a full, explicit and circumstantial denial under oath, yet, where, as here, the denial lacks those essential qualities, *Page 179 
and upon the entire showing from both sides it appears reasonably probable that the complainant had the right claimed, the injunction may issue."
In the instant suit, there seems, in my opinion, to be no denial of an essential fact.
The complainant's application, I feel, finds support not only in the facts, but in the law, as it is expressed in the cases ofCapital Laundry Co. v. Vannozzi, 115 N.J. Eq. 26; GoldenCruller and Doughnut Co., Inc., v. Manasher, 95 N.J. Eq. 537;
see, also, Trenton Potteries Co. v. Oliphant, 58 N.J. Eq. 507;Fleckenstein Brothers Co. v. Fleckenstein, 76 N.J. Law 613;Katz v. Newman, 97 N.J. Eq. 284; Stein v. Kommit, 105 N.J. Eq. 90;William T. Wiegand Glass Co. v. Wiegand, 105 N.J. Eq. 434,436; Voices, Inc., v. Metal Tone Manufacturing Co.,119 N.J. Eq. 324; Scherman v. Stern, 93 N.J. Eq. 626; J.I. Kislak,Inc., v. Artof, 13 N.J. Mis. R. 129; 176 Atl. Rep. 899.
I believe that the restraint should be granted against the defendant competing in the three counties in New Jersey, and in the two counties in New York State, as prayed for by the complainant in its bill. I shall advise such an order.