This is a suit to compel performance of a contract not to engage in a competitive business within a specified area. Van Der Plate Co., Inc., and Jacob Van Der Plate entered into a contract with one Beckwermert individually, and in behalf of a company to be formed by him. By the terms of the contract the defendants sold a coal business conducted by them in Bloomfield, and agreed not to sell coal within a radius of five miles. The defendant agreed to furnish and deliver coal to Beckwermert customers at a price to allow the Beckwermert firm a profit of $1.25 a ton. *Page 133 
Beckwermert immediately formed a company with complainant and did business under the name of Reliable Service Coal Company. A few months later he sold out his interest to the complainant who continued the business under the same trade name. This arrangement was acquiesced in by the defendants who continued to do business with the complainant under the contract originally made by Beckwermert. Complainant proved defendants made sales within the prohibited area in competition with complainant; charged prices in excess of those provided in the contract; failed to make deliveries in certain instances to customers of complainant and made certain deliveries of inferior quality and in an unsatisfactory manner. Defendants contend that complainant has no rights under the contract, claiming that it was not assignable, and that in any event the restrictive covenant is too vague and general to be enforceable.
Neither of these contentions is sound. The contract specifically provided that it was made with Beckwermert, "individually and in behalf of the company to be formed by him." The company was formed, complainant came in as a partner, and his status was recognized by defendants. This gave the complainant full rights under the contract. As to the restrictive covenant defendants rely on the case of Weliky v. Zakrzewski, 96 N.J. Eq. 203.
There the area was defined by "city blocks." The court found that the word "block" was variant, and therefore the language was too vague and indefinite for enforcement. In the instant case, however, there is no such uncertainty since the provision is for five miles.
The claim that the restrictive covenant is not enforceable because it did not fix a definite time limit is not tenable. In the case of Scherman v. Stern, 93 N.J. Eq. 626 (at p. 630), the court says: "In the present case the covenant was to refrain from engaging in or being employed in a business similar to that sold to the respondents, i.e., a cigar, stationery and candy store in Metuchen, a borough of about three thousand five hundred population. The agreement was, therefore, one where the restraint was reasonably limited in point of space but unlimited in point of time. Whatever may be the rule respecting contracts to desist from the practice of a *Page 134 
learned profession (Mandeville v. Harman, 42 N.J. Eq. 185), certainly it is no objection to an agreement not to compete with a mercantile business that the restraint is unlimited in point of time when (as here) it is reasonably limited in point of space.Carll v. Snyder, 26 Atl. Rep. 977; Finger v. Hahn, 42 N.J. Eq. 606; affirmed, 44 N.J. Eq. 604; Trenton Potteries Co. v.Oliphant, 58 N.J. Eq. 507."
Defendants further contend that the contract was canceled by a release executed by Beckwermert. Since this was done after he had ceased to be a partner, it would not be binding upon the complainant.
Complainant is entitled to a decree enforcing the restrictive covenant and to damages for the breach of the agreement, but the determination of the amount due will be left to a special master. *Page 135