This is a suit to enforce a covenant in restraint of trade contained in a schedule which was part of a bill of sale. The bill of sale sets forth "that we, Irving Miller and Max Rubin, trading as Rahway Public Market" in consideration of $2,100, do sell to the complainants "all the goods and chattels particularly described and mentioned in the schedule hereto annexed and made part hereof." The schedule first lists store fixtures and equipment and an auto truck, and then continues:
"It is hereby understood and agreed by and between the parties hereto that the said parties of the first part, Max Rubin and Irving Miller, will not engage in the fruit and vegetable business within the city limits of the City of Rahway, County of Union and State of New Jersey. *Page 794 
"It is further understood and agreed that this bill of sale shall include the good will of the Rahway Public Market, and also the lease" of the premises where the market was conducted.
The sale was consummated in 1942 and complainants took over and have since operated the business known as the Rahway Public Market. Six years after the sale, Max Rubin, who was one of the vendors and is the defendant, purchased for himself, his son, his son-in-law, and a third person, all the capital stock of Quality Fruit and Vegetable Market, Inc., which conducts a fruit and vegetable business in Rahway in the immediate neighborhood of complainant's store. Complainants thereupon filed their bill and now move for an injunction pendente lite restraining Rubin from participating in the business of the Quality Fruit and Vegetable Market. Rubin, in his answering affidavit, says that he is not an officer of the Quality Fruit and Vegetable Market, Inc., and that its business will be conducted by his son and by his son-in-law, while he, the defendant, will only operate a concession in the store for the sale of dairy products and fancy groceries.
At the time of the sale in 1942, the business which Rubin and Miller conducted, had been closed down for three weeks and all the fruit and vegetables which were the stock in trade, had been disposed of. The principal subjects of the sale were store fixtures and a truck. Defendant says that nothing was paid for the good will and that he was unaware, when he signed the bill of sale, of the clauses in the schedule relating to the good will and embodying the restrictive covenant. It may be if defendant counter-claims for reformation, that he will be able to prove a case strong enough to lead to striking out the covenant and in this way he will defeat complainant's prayer. Formerly, an interlocutory injunction would not be denied because of new matter set up in avoidance of complainant's case. Society, c., v. Low, 17 N.J. Eq. 19. While the rule has been relaxed so that the court considers the new matter in making its estimate of the entire situation, still interlocutory relief based on a written contract should not be refused on the ground of mistake in the drawing of the contract unless the defendant makes such a showing as to *Page 795 
indicate that reformation will probably be granted at the final hearing. The bare statement of the defendant that he was ignorant of the covenant, is not enough.
The bill of sale proper mentions only goods and chattels, but it specifically makes the schedule a part of the instrument. The bill and the schedule must be read together to ascertain what the transaction between the parties was. Collard v. Tully, 77 N.J. Eq. 439.
This results in giving to the restrictive covenant the same effect as if it were in the bill of sale proper.
A contract in restraint of trade is considered contrary to public policy and unenforceable, unless it is ancillary to a transfer of good will or other subject of property, or to an existing employment or contract of employment. Bond ElectricCo. v. Keller, 113 N.J. Eq. 195; Glantz v. Willow Supply Co.,139 N.J. Eq. 523. Defendant urges that since the business of the Rahway Public Market had been shut down three weeks before the sale, there could have been no good will to preserve, or to sell, but this does not follow. Good will, the value of a trade name, may persist for several years after the use of the name has been discontinued. A tranfser of good will is sufficient to support a contract in restraint of trade, although the good will is of very slight value.
A contract in restraint of trade must be reasonable. The present covenant is limited to the City of Rahway, and is not limited in time. The territorial limit is obviously reasonable in these days of automobiles and of shopping by telephone. When such a covenant is reasonably limited in point of space, it is not objectionable that it be unlimited in point of time. Scherman
v. Stern, 93 N.J. Eq. 626; Schwartz v. Van Der Plate Co.,Inc., 132 N.J. Eq. 132.
The obligation not to engage in the fruit and vegetable business in Rahway was undertaken by Rubin and Miller jointly. Defendant argues that it left him at liberty to enter business by himself, or with anyone except Miller; that the covenant is broken only if he and Miller jointly engage in business. This view finds support in the decision of Vice-Chancellor Grey inTrenton Potteries Co. v. Oliphant, 56 N.J. Eq. 680 (at p.697). But the Court of Errors and *Page 796 
Appeals, modifying the decree in Chancery, 58 N.J. Eq. 507,
strongly intimated an opposite opinion. Every contract must be interpreted in the light of the purpose which the parties presumably sought to accomplish. The agreement of the sellers of a business not to compete is intended to protect the good will by making sure that old customers will not resume trading with the sellers. If either one of the partners who conducted the business before the sale should start anew in the neighborhood of the old store, some of the former customers would doubtless resort to him rather than to the purchaser of the business, although probably not so many as if both partners should again go into business together. In order to give reasonable effect to the covenant, it should be construed, in the absence of strong indications to the contrary, to prohibit the sellers, either jointly or separately, from setting up a competing business.
The words of the covenant "not to engage in the fruit and vegetable business," do not include words generally found, such as "directly or indirectly" or as "principal or employee," c. I question whether defendant is prohibited by his contract from having a stock interest in a competing corporation, or from participating at all in its management, or from acting as its buyer. Langberg v. Wagner, 101 N.J. Eq. 383; 43 C.J.S.,Injunctions, 577 § 84. But I am satisfied that he is debarred from using his personal acquaintance with his old customers to draw them away from complainants.
I will advise an order restraining defendant from frequenting the store of Quality Fruit and Vegetable Market while it is open to the public, and from participating in its business in such a way as to bring to the attention of any of its customers, or prospective customers, his interest in the market, or as to lead them to believe that he is an officer or employee of the market.
 *Page 1