RUDOLPH G. SALOMON

*v.*

MAXIMILIAN HERTZ et al.

1. An injunction may be allowed to restrain defendants, who were lately employed by complainant, from using in their own factory, or divulging to other persons, certain secrets used by complainant in manufacturing, which they, in consideration of their employment by complainant, had agreed not to divulge; and such injunction should be retained until the final hearing, although all the facts alleged in the bill are denied in the answer.

2. An injunction to prohibit defendants from making known where or from whom complainant buys his materials, and to whom he sells his goods, or the prices at which he buys or sells, denied. An agreement by an employee to that effect may well be regarded, in the absence of anything to the contrary in its terms, as limited in its obligation to the term of his service.

Bill for injunction. On motion to dissolve on bill and answers.

*Mr. R. H. McCarter* and *Mr. T. N. McCarter,* for the motion.

*Mr. C. Parker, contra.*

THE CHANCELLOR.

The complainant seeks by this suit to prevent Hertz and Adolphi, who were his trusted and confidential employees, from divulging to any one, and especially to Shattuck and Binger, any of the secrets of his business (that of a tanner and manufacturer of leather), and to prevent Shattuck and Binger from accepting or using the information if communicated. He claims to be the discoverer of valuable secret and peculiar methods and processes for making Cordovan leather, and for tanning and manufacturing into leather of various desirable shades and colors, goat, kangaroo, alligator and snake skins and porpoise hides, which leathers are all very marketable and in great demand, and consequently bring high prices, and the making thereof is a source

of great profit to him.    He has carried on the business in Newark for about eight years.    He alleges that Hertz was in his employment for five years, and was his book-keeper, and in his absence acted as general manager of the establishment in his stead ; and that Adolphi was the superintendent, and entered his employment about 1877, and that both agreed with him on entering his employment, and frequently afterwards, that in consideration of his employing them they would keep the secrets of his business and divulge them to no one.    The bill states that they recently left him and have made arrangements with Shattuck and Binger to enter into business with them in Newark, in the tanning and manufacture, in competition with him, of the before-mentioned kinds of hides and skins into leather by his secret and peculiar methods and processes.    They have, in fact, made arrangements with Shattuck and Binger to enter into the business of tanning and manufacturing leather with them in Newark.

The defendants have answered.    One answer is filed by Hertz and Adolphi, and the other by Shattuck and Binger.    The defendants aver that the complainant has no secret peculiar methods or processes of tanning or manufacturing leather, and Hertz and Adolphi asseverate that they never contracted or agreed with him that they would not divulge any secret or peculiar methods or process of his in that business.

The defendants, while they admit that in the business in which they have agreed to embark together they intend to manufacture Cordovan and alligator leather, aver that they do not now propose to manufacture any other kind.    They claim the right, however, to manufacture the other kinds if they see fit.    They say that they do not propose to tan or manufacture Cordovan or alligator leather by any secret peculiar method or process of the complainant, but in the way and by the same methods and processes which Shattuck and Binger, who have long been in the business elsewhere, have hitherto used and employed.    The defendants move, upon the bill and answers and the affidavits annexed to each, to dissolve the injunction which was issued upon the filing of the bill.

26

That the facts stated in the bill entitle the complainant to the aid of equity, will admit of no question. One who invents or discovers and keeps secret a process of manufacture, whether patentable or not, has a property therein which this court will protect against one who, in violation of contract and breach of confidence, undertakes to apply it to his own use or to disclose it to a third person. *Peabody* v. *Norfolk, 98 Mass. 452 ; Kerr on Inj. 181.*

But it is urged that all of the facts upon which the claim to relief is based have been fully and explicitly denied, and it is insisted that, therefore, the injunction should be dissolved. But it may be that the complainant is able to establish the truth of the statements of his bill notwithstanding the positive denials of the answers. To dissolve the injunction now would, if he indeed has the secret peculiar methods and processes which he claims to have, and which he swears that he discovered and employs, leave him wholly without remedy, and inflict upon him irreparable injury ; for if the injunction be dissolved, Hertz and Adolphi may make those methods and processes known to whomsoever they see fit, and so the complainant's success at the conclusion of the suit, were he to pursue it to the end, would be but a barren and worthless victory. The sole object of the suit is protection by means of injunction. To dissolve the injunction now would practically decide the cause in favor of the defendants, without giving the complainant an opportunity to establish the truth of the case made by his bill. It is the duty of the court in such a case as this, in the exercise of a sound judicial discretion and discrimination, to retain the injunction until the final hearing. In this case, there can be no reasonable objection to that course on the part of the defendants themselves, for they say and insist that the complainant has no secret peculiar methods and processes ; and that, if he has any, they do not propose to use them. There is, therefore, no reason why the injunction should not, as to those matters stand, for his protection, until the truth and right of the case shall be demonstrated.

But the rest of the injunction rests upon a different basis. It prohibits Hertz and Adolphi from making known to any one

where or from whom the complainant buys his materials, and to whom he sells his goods or the prices at which he buys or sells. The complainant says in the bill that they contracted with him that they would not divulge those things, but, on the other hand, they deny it. Such an agreement made in reference to such matters, and under such circumstances, may well be regarded, in the absence of anything to the contrary in its terms, as limited in its obligation to the time of employment. It may be regarded as an undertaking on the part of the employee not to injure his employer's business in that way so long as he shall remain in his service. The employee, notwithstanding such agreement, might himself, after leaving the employment, use the knowledge he had obtained. He might sell to the customers of his late employer, and buy of those from whom the latter purchased, and do both in competition with him. It is enough to say on this head, however, that in view of the absolute denial before referred to, and of the character of the agreement just mentioned, it does not seem proper to continue the injunction as to those matters. The injunction will be modified accordingly. The motion to dissolve is denied, but without costs.