Schrafft *v.* Wolters.

———

ROSE MARY SCHRAFFT, defendant and appellant,

*v.*

MARY C. WOLTERS, complainant and respondent.

[Filed July 21st, 1902.]

1. A bill of complaint in chancery must set out all the facts and circumstances upon which the decision of the case will turn.

2. If the bill is defective in this respect it will be dismissed unless the complainant obtain leave to amend.

———

On appeal from an order denying motion to dismiss bill of complaint, advised by Vice-Chancellor Stevens, who filed the following conclusions:

Where there is a doubtful question on a title, legal or equitable, the court will sometimes overrule the demurrer, without prejudice to any defence the defendant may make by way of answer. *Brownswords* v. *Edwards, 2 Ves. Sr. 247; Cochrane* v. *Willis, 4 De G. J. & S. 229; Sheffield Water Works* v. *Yeomans, L. R. 2 Ch. App. 8.* It seems to me that the case at bar is one to which this rule ought to be applied. It is quite evident, on a careful perusal of the bill, that the facts and circumstances upon which the decision of the case will turn are not all before the court, and that no satisfactory decision can be reached.

*First.* The deed to Frederick R. Wolters, trustee for Rose Mary Wolters, is not set out in full. So far as set out it would seem, under the statute of uses (*Gen. Stat. p. 876 § 119*), to have vested the legal title, *instanter,* in Rose Mary Wolters. *Melick* v. *Pidcock, 17 Stew. Eq. 542.* If it did, the question would arise whether the language "to the only proper use of" Rose Mary Wolters would take the case out of the operation of the rule that where title is taken in the name of one person, and the consideration paid by another, there is a resulting trust. As bearing upon this question it ought to be known whether Frederick R. Wolters stood in *loco parentis* to Rose or not. For a satisfactory determination of the matter it is evident that the whole deed should be before the court, and that the relationship, if any, which existed between Frederick and Mary should be stated.

*Second.* The deed was, as between Frederick and Rose, so far as appears, a voluntary deed, without any power of revocation, and is alleged to have been made under a misapprehension of its legal effect. Possession appears to have been held for many years, if not against, at least not in subordination to what seems to have been the legal title. It is manifest that whether the deed be effective or not depends upon evidence of facts and circumstances not fully set forth in the bill. Until these facts and circumstances are known the equitable rights of the parties cannot be satisfactorily determined.

For these reasons I think the application to dismiss should be denied, without costs. As this application, under Rule 213,

Schrafft *v.* Wolters.

has the effect of a demurrer, the denial is without prejudice to any defence the defendants may make by way of answer.

*Mr. Oscar Keen,* for the appellant.

*Mr. Samuel F. Bigelow,* for the respondent.

PER CURIAM.

The respondent (who was the complainant below) is the sole devisee of Frederick R. Wolters, deceased. Although her bill contains no prayer for specific relief, it appears, from the brief of her counsel, that its object is to have a trust, created by a deed made to Frederick R. Wolters, in favor of the appellant Rose Mary Schrafft, declared to be void, and the title to the property conveyed by the deed decreed to be in the respondent as tenant in fee-simple.

As was pointed out by the vice-chancellor who advised the order appealed from, many of the facts and circumstances upon which the effect to be given to this deed must depend are not set forth in the bill of complaint. To require the defendants to answer the bill, in its present defective form, is to improperly embarrass them; and the motion to dismiss should prevail, unless the respondent, within a reasonable time, to be fixed by the chancellor, shall apply for leave to amend the bill by setting out therein all the facts upon which her right to relief depends.

The order appealed from should be reversed, and an order entered in accordance with this opinion.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, GARRISON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM—13.

*For affirmance*—DIXON—1.