CIRIACO PALUMBO

*v.*

GELSOMINO PICCIONI.

[Submitted March 25th, 1918. Decided March 27th, 1918.]

Where the proprietor of a shoe-repairing business has bought out a competitor under a contract whereby the latter was not to engage in that business in the city for five years, and after operating both establishments for a while, sells the one he purchased to a third party, he may restrain the original vendor from engaging in business within five years, the contract not being void as in restraint of trade, since the public interests have not been adversely affected, and both the business sold and the business retained have been benefited.

On hearing on motion to dissolve injunction *pendente lite.*

By this suit complainant seeks to specifically enforce a covenant made by defendant wherein the latter agreed not to engage in the shoe repairing business in Camden for a period of five years from March 14th, 1916. On that date complainant purchased the shoe repairing business then owned by defendant and the covenant referred to was executed as a part of that transaction.

At the return of an order to show cause defendant, though duly served, failed to appear and an injunction *pendente lite* was issued.

Defendant has since petitioned for relief against the restraint. At the hearing on the petition it was ascertained that since complainant purchased defendant's business he has sold it to a third party who now conducts it and does not object to defendant resuming business in the vicinity. It further appears, however, that at the time complainant purchased defendant's business he owned and was conducting a similar business in the vicinity and now owns and operates that business. The restraint now sought by complainant is wholly for the benefit of his old business.

It is now urged in behalf of defendant that the sale by complainant to a third party of defendant's old business was operative to deny to complainant the right to longer enforce the covenant.

Complainant now bases his right to relief upon the claim that when he purchased defendant's business he did not want it, but purchased it solely, or almost solely, for the benefit of his, complainant's, old business; that he sought to remove defendant as a competitor in business by reason of defendant's peculiar ability to draw trade from complainant; that the price paid was based upon those considerations; that after conducting both businesses for a few months he sold the business which he had purchased from defendant to a person whose competition he did not object to; that defendant's new establishment, which is near complainant, will withdraw from complainant's old business the very trade which complainant procured by means of the pur-

chase. These several claims of complainant are not denied, and no claim is made that the covenant is unreasonable as to time or territory.

*Mr. Cyrus D. Marter,* for the complainant.

*Mr. Albert S. Woodruff,* for the defendant-petitioner.

LEAMING, V. C.

The early rule was that any contract which tended to restrain trade was void; but it is now everywhere recognized that many contracts in partial restraint of trade are valid. In *United States* v. *Addyston Pipe and Steel Co., 85 Fed Rep. 271,* valid covenants in partial restraint of trade are classified as:

1. Agreements by a seller of a property or business not to compete with a buyer in such a way as to derogate from the value of the property or business sold. 2. Agreements by a retiring partner not to compete with the firm. 3. Agreements by a partner pending the partnership not to do anything to interfere, by competition or otherwise, with the business of the firm. 4. Agreements by the buyer of a property not to use the same in competition with the business retained by the seller. 5. Agreements by an assistant, servant or agent not to compete with his master or employer after the expiration of his term of service. It is noted that in all these several situations the restraint is incident to the main purpose of a valid contract; and after an exhaustive review of the authorities the conclusion is there reached that no conventional restraint of trade can be enforced unless the covenant embodying it is merely ancillary to the main purpose of a lawful contract, and necessary to protect the covenantee in the enjoyment of the legitimate fruits of the contract, or to protect him from the dangers of an unjust use of those fruits by the other party. (See also note to *6 L. R. A.* (*N. S.*) *847,* and *13 C. J. 477,* collecting later authorities to the same general effect.) From these conclusions the further conclusion is there deduced that a contract, the sole object of which is to restrain competition, is void as a restraint of trade.

Should the conclusions above stated be regarded as wholly inflexible, it may be plausibly urged that the agreement here in question was valid only in so far as it was for the protection of the business which complainant purchased from defendant, and void and unenforceable because in restraint of trade in so far as it was designed to protect the old business of complainant from competition by defendant; hence when complainant subsequently sold the business so purchased from defendant he could no longer enforce the covenant of restraint for the benefit of his old business. This, it appears to me, is the only theory on which defendant can rest his defence with any claim of plausibility.

But a brief consideration of the grounds which are generally accepted as giving rise to and sanctioning covenants in partial restraint of trade will, I think, disclose that no sound objection can be urged against extending the benefits of the covenant here in question to the protection of complainant's old business or against its enforcement for the protection of that business after the business purchased from defendant should have been sold to a third party.

Agreements in partial restraint of trade ancillary to the sale of a business appear to be sanctioned primarily because of the recognized value of what is known as the good-will of a business; it is held to be alike to the interest of the public and the owner of a business that the owner should be privileged to sell that valuable asset and protect the purchaser in its acquisition, providing the restraint be no more extensive than is reasonably required for that purpose and be not otherwise injurious to the public interest by reason of any peculiar circumstances of the case. *Trenton Potteries Co.* v. *Oliphant, 58 N. J. Eq. 507* (at *p. 514*). In such transactions the public interests are deemed fostered rather than injured, since the seller has been enabled to reap the fruits of his industry and the business is continued in the hands of a new purchaser; the business with its new proprietor takes the place of the old; the commodities of the trade are as open to the public as they were before and the same employment is furnished to others as before. The distinction between contracts of that nature and those in which a trade com-

petitor is hired to discontinue business is obvious. Contracts of the latter nature have been, as a rule, condemned, although in some cases sustained where real public interests have been ascertained to be unaffected. *Wood* v. *Whitehead Brothers, 165 N. Y. 545.*

In the present case complainant, who had a business of his own, purchased a similar business of a trade competitor. Admittedly, he was primarily induced to make the purchase in order to remove the competitor from that field of operation; but he had no purpose to close out the business so purchased, and did not do so. On the contrary, he conducted both businesses as they had been theretofore conducted until he found a satisfactory purchaser for the business so purchased, and that business is still being conducted as before. In all of this the public interests have been in no way affected by the withdrawal of defendant from business, for no withdrawal of trade enterprises occurred, or was planned, and it is idle to say that complainant's ownership of two shoe repairing shops constituted or tended to constitute a monopoly in that industry; indeed, the extremely limited magnitude of these two businesses seems scarcely to justify the present litigation. The covenant of defendant not to engage in a similar business in that vicinity for the limited period obviously was not only for the benefit of the business sold by defendant, but also for the benefit of complainant's other business; complainant intended that it should be so and paid for that measure of protection, and defendant could not have been ignorant of complainant's purpose or of the measure of protection which complainant purchased and paid for, since in the written agreement no suggestion is made that the protection of the covenant shall cease until the expiration of the specific period of time named. If, then, defendant has been thus enabled to profit by his covenant, and the public interests have been in no way adversely affected by his withdrawal from the field for the period specified, there appears to exist no good reason to deny to complainant the full measure of protection which the terms of defendant's covenant extend.

This view in no way opposes the notion that the covenant of restraint must be incidental to the sale of a business or other

contract of an analogous nature; but where, as here, the covenant is designed to protect not only the business purchased, but also another similar business then owned by the purchaser and is reasonable as to time and territory, and both businesses are intended to be continued in operation and are so continued, and where, as here, the circumstances of the case adequately disclose that no element of monopoly is involved and no public interests adversely affected, there appears to be no adequate reason against the enforcement of the covenant according to its terms for the benefit of the old business after the business so purchased shall have passed to a new owner. This view appears to be entertained in *Tuscaloosa Ice Co.* v. *Williams, 127 Ala. 110* (at *p. 120*).

I will deny the prayer of the petition for a dissolution of the injunction.