This is a motion to strike out a bill of complaint in the above-entitled action.
The complainant, one Yanko, had been in business in Red Bank prior to August 1st, 1921, for some years running a store where he sold dry goods and women's clothing. On January 1st, 1921, Yanko purchased another business which dealt with the same merchandise. His lease on his first store had not expired, and he employed defendant to manage the store for him at a salary. This continued until August 1st, 1921. Then Yanko and Goldberg entered into a partnership, as far as Yanko's first store was concerned, Goldberg having no interest in the other store. The partnership was for a definite period and provided for the termination on August 29th, 1925. The partnership articles contain the following: *Page 537 
"The party of the second part agrees that after the expiration of this agreement and the dissolution of the partnership he will not engage directly or indirectly in this line of business in the borough of Red Bank, for a period of twenty years from the date of such dissolution of the partnership."
It appears from the allegations in the bill that Goldberg violated the provisions of the partnership and involved the partnership to a very large extent. The partnership was thereupon dissolved, the good-will of the business vesting in Goldberg. Yanko sold the business to Goldberg. A provision was inserted in the bill of sale and the bond accompanying it, by which Goldberg agreed that, upon the expiration of the lease, which he took and assumed at the dissolution of the partnership, that he would desist and refrain from conducting similar business within a radius of two miles of 32 Broad street, which is the store where Yanko was and is conducting business.
Goldberg has violated the covenants of the bill of sale and the bond. He now moves to strike out the bill on the ground that the covenant into which he entered is void, as being in restraint of trade.
The cases relating to restraint of trade are very numerous. One, to which my attention has been called, is that of Marvel
v. Jonah, 83 N.J. Eq. 295. In this case the agreement provided that if it were terminated by violation of it by any of the parties, such party should refrain from practicing the medical profession in Atlantic City for three years. Jonah had violated the agreement. The court of errors and appeals, speaking through Chief-Justice Gummere, says:
"We see no injustice in compelling Dr. Jonah to live up to the covenant solemnly entered into by him, and which was one of the causes inducing Dr. Marvel to admit him into partnership, and to share in the benefits of the practice he had built up."
Another case is that of the United States v. Addyston Pipeand Steel Co., 85 Fed. Rep. 271. Chief-Justice Taft, speaking for the court, says:
"Again, when one in business sold property with which the buyer might set up a rival business, it was certainly *Page 538 
reasonable that the seller should be able to restrain the buyer from doing him an injury which, but for the sale, the buyer would be unable to inflict. This was not reducing competition, but was only securing the seller against an increase of competition of his own creating."
The learned chief-justice also says that one of the covenants which may be sustained is —
"By the buyer of the property not to use the same in competition with the business retained by the seller."
My attention has been called also to the recent case of EastJersey Water Co. v. City of Newark, decided in this court and affirmed on appeal by the court of errors and appeals, 98 N.J. Eq. 672.
This case, it does not seem to me, is on all fours with the one at bar. That case was mainly decided on the doctrine of the violation of public policy in the use of a commodity necessary to all the people.
There is, I think, sufficient in the bill of complaint as it stands to warrant my refusal to strike it out and let it go to final hearing, with permission to counsel to renew the motion at that time.
I will advise a decree accordingly.