This bill seeks an injunction to prevent the violation by the defendant of a covenant in a bond given in connection with a bill of sale under which he purchased complainant's interest in a business theretofore conducted by the parties as partners. The covenant is as follows:
"* * * That he will not either alone or in partnership with any person whomsoever, either directly or indirectly, nor will he advance capital to other people to carry on business similar to the kind and nature of the business which is now conducted by the said Jacob Yanko, in the Adlem Building, at No. 32 Broad street, Red Bank, N.J., at any time after the 29th day of August, 1925, in the said premises at No. 24 Broad street, or in any other premises, within a radius of two miles from the store of the said Jacob Yanko at No. 32 Broad street, Red Bank, N.J., for a period of fifteen years after the 29th day of August, 1925, and that the intent of this paragraph is that he will not engage in said business either as principal or as employe or in any other capacity, and that he will not solicit the custom either for himself or for any person whomsoever; and that he will forthwith immediately after the date of this bond display a sign with his own name in a prominent place across the street front of the premises known as No. 24 Broad street."
So far as is necessary to this decision, the pertinent facts in this case are recited in the opinion of Vice-Chancellor Church, reported in 98 N.J. Eq. 536, and it would serve no useful purpose to repeat them here. The proofs amply sustained the allegations of the bill in so far as the alleged violations of the covenant were concerned, and I agree with the conclusions of law as expressed by Vice-Chancellor Church. The authorities cited in his opinion are amply sufficient to sustain his views of the reasonableness of this covenant. The cases all hold that in determining the validity of covenants of this nature, "the question is whether, under the particular circumstances of the case and the nature *Page 172 
of the particular contract involved in it, the contract is or is not unreasonable." Gibbs v. Gas Co., 130 U.S. 396; Fowle v.Park, 131 U.S. 88; Oliver v. Gilmore, 52 Fed. Rep. 562.
A case in which the facts with respect to one phase of the instant case were quite similar to those here, is that ofAmerican Strawboard Co. v. Haldeman Paper Co.,83 Fed. Rep. 619, and there the court said: "The covenant in question is not one in general restraint of trade, and involves no such business as directly concerns the public welfare. The restraint is partial, and not general, and manifestly no larger than necessary for the protection of the owner and lessor against a particular use of the property, for a limited time, in a business which directly competed with the business conducted by it."
The instant case is stronger for the complainant than theStrawboard Case, as here, besides the lease, there is also involved the sale of the business and the termination of a partnership agreement. The covenant is ancillary to the main contract. This case involves both the third and fourth classes of cases in which Judge (now Chief-Justice) Taft, in United States
v. Addyston, 85 Fed. Rep. 271, cited in Vice-Chancellor Church's opinion above referred to, said, covenants in partial restraint of trade were generally upheld.
To the authorities cited by Vice-Chancellor Church I desire to add only Palumbo v. Piccioni, 89 N.J. Eq. 40, in which this court adopted the views of the federal court in United States
v. Addyston, supra.
That the enforcement of this covenant against the defendant will entail a hardship on him is no argument against granting relief to the complainant, as "hardships freely and voluntarily assumed as part of a contract sought to be enforced, cannot prevail to stay a specific performance thereof." Bosch MagnetoCo. v. Rushmore, 85 N.J. Eq. 93.
 I will alvise a decree in accordance with these conclusions. *Page 173