The motion is to restrain, until final hearing, Henry Brady from violating this covenant:
"The said Henry Brady, Ellen Brady and Adin W. Hilsinger, who have been and are mainly in charge of the business and affairs of said Henry Brady, Inc., and have been largely instrumental in the development of its business, and the said John Hoyer, Nora Brady and Annie Hartman hereby jointly and severally agree that in case the company (complainant) shall purchase and pay for the shares of the stockholders pursuant to this agreement, they will not, individually or collectively, for a period of fifteen years from the date of said purchase and payment, engage or be interested, directly or indirectly, in the United States of America, in the manufacture or sale of paper dishes or pie plates, or machinery for the manufacture of paper dishes or pie plates, or assist any other person, firms, or corporation, except the company (in case arrangements are made for such assistance) in any manner, to develop or carry out such manufacture or sale, and that they will not individually or collectively *Page 411 
divulge to any person, firm or corporation, other than the party of the second part, or its officers, any secrets or confidential information concerning the business of said Henry Brady, Inc., or the machines or processes of manufacture, or methods of sale used in or connected with the said Henry Brady, Inc., or said company."
The complainant and Henry Brady, Incorporated, were manufacturers of machinery for making paper dishes and they also made paper dishes; the complainant, in New York, the defendant in Bloomfield, New Jersey. In July, 1922, the complainant bought all the capital stock of Henry Brady, Incorporated, and the stockholders entered into the covenant just quoted. In 1924 the business of Henry Brady, Incorporated, was taken over by the complainant and the company was dissolved. The complainant is carrying on in New York. Henry Brady is a die maker and presumably skilled in paper dish-making machines. He works for wages, $75 a week, in Rogers Machine Shop in Bloomfield. Rogers is filling orders for dish-making machines for the Southerland Paper Company of Kalamazoo, Michigan, and Brady, as part of his work, is assisting. Rogers is also skilled in that line. There is nothing unique about it.
Neither pleadings nor proofs show the operating territory of Henry Brady, Incorporated, at the time of the covenant or then in reasonable contemplation from which it may be determined that the sweep of the covenant was reasonably necessary to the protection of its business. It is nation-wide. Was the business nation-wide? An amendment to the bill alleges that the complainant's business and sales of its products are throughout the United States, but the stockholders did not covenant with the complainant. Assuming that the covenant ran with the business of Henry Brady, Incorporated, and was assignable, the complainant's rights are derivative and the covenant inclusive of that company's business, not comprehensive of the complainant's business. Contracts in general restraint of trade are condemned in law as against public policy. Partial restraints that serve to promote and protect trade are countenanced but guardedly enforced. That the covenant comes within the latter category *Page 412 
is not disclosed. Covenants of nation-wide restraint, in circumstances like the one under consideration, are held to be void. Trenton Potteries Co. v. Oliphant, 58 N.J. Eq. 506;Wyder v. Milhomme, 96 N.J. Law 500.
The covenant not to divulge corporate secrets is severable. As applied to the business of Henry Brady, Incorporated, and methods of sale, time has devitalized it. Secrets concerning "the machine or processes of manufacture" are so intimately a part of the defendant's labor on the machines that an injunction in that respect would neutralize the refusal to enjoin him from engaging "* * * in the United States of America * * * in the manufacture [of] * * * machinery for the manufacture of paper dishes * * * or assist any other person * * * in any manner, to develop or carry out such manufacture."
The charge that the defendant is, or threatens to divulge secrets concerning the machines or the processes of manufacture, in so far as it means dissociated from his labor or the results of his labor, is not proved. The defendant denies it.
The complainant's rights are not clear as a matter of law and an injunction pendente lite will be denied.