Defendants move to strike the bill of complaint on the ground that it discloses no cause of action.
Complainant and defendant Bright Star Battery Company are competing manufacturers of electric flashlights and batteries. Defendant Keller was vice-president and sales manager of complainant from 1922 to 1932. A few weeks after his employment by complainant terminated, Keller, in consideration of $3,000, paid him by complainant, entered into an agreement with complainant, of which the more important parts here follow:
"I. The said Lawrence H. Keller does hereby covenant and agree that for the period of two years from the date hereof, he will not disclose to any other manufacturer of the products manufactured and/or sold by the Bond Electric Corporation, any knowledge whatever of the customers or trade policies of the Bond Electric Corporation, or of its jobber or dealer prices, or any other matters whatsoever learned by him respecting the business of the Bond Electric Corporation *Page 196 
during his said employment; and that he will not, for the said period of two years from and after date hereof, enter in or engage in a competing business or enter into the employ, directly or indirectly, of any competing manufacturer of any of the products now manufactured and/or sold by the Bond Electric Corporation, other than radio tubes and incandescent lamps; and that he will not become employed by, connected with, or associated with any such competing manufacturer in any capacity whatsoever, either as an employe, director or officer or in any other capacity whatsoever, and that he will not become a partner with any other person engaged in any such similar competing business.
"II. The said Lawrence H. Keller further agrees and consents that in any action brought to enforce the preceding covenants, the Bond Electric Corporation, if a plaintiff therein, shall be entitled, in addition to all other remedies, to a preliminary and permanent injunction to enforce the said covenants and restrain the violation thereof by the said Lawrence H. Keller bothpendente lite and permanently."
Within two weeks after making this contract, Keller entered the employ of the Bright Star Company as vice-president and sales manager, and began to solicit the trade of customers of complainant. The Bright Star Company is using Keller's knowledge of complainant's customers and trade policies and methods of doing business, in an attempt to take business from complainant. The bill prays an injunction to enforce the contract between complainant and Keller.
At the time the contract was made, Keller was no longer in complainant's employ. The contract was not incidental to the sale of the business or to any other transaction. For this reason, defendants assert that it is contrary to public policy and unenforceable. In Palumbo v. Piccioni, 89 N.J. Eq. 40,
Vice-Chancellor Leaming, referring to the leading case of UnitedStates v. Addyston Pipe and Steel Co., 85 Fed. Rep. 271;29 C.C.A. 141; 46 L.R.A. 122, said: "And after an exhaustive review of the authorities the conclusion is there reached that no conventional restraint of trade can be enforced unless the covenant embodying it is merely ancillary to the main purpose of a lawful contract, and necessary to protect the covenantee in the enjoyment of the legitimate fruits of the contract, or to protect him from the dangers of an unjust use of those fruits by the other party. See, also, note to 6 L.R.A. (N.S.) 847, and13 C.J. 477, collecting *Page 197 
later authorities to the same general effect. From these conclusions the further conclusion is there deduced that a contract the sole object of which is to restrain competition is void as a restraint of trade." The learned vice-chancellor found that the contract before him was not within the condemnation of the Addyston Case and he refused to dissolve the injunction. In2 Restatement of the Law of Contracts § 515, the rule is stated, "a restraint of trade is unreasonable in the absence of statutory authorization or dominant social or economic justification, if it * * * (e) is based on a promise to refrain from competition and is not ancillary either to a contract for the transfer of good will or other subject of property or to an existing employment or contract of employment."
The rule above quoted is undoubtedly the prevailing one. Judged by it, the contract now in question is invalid and therefore it will not be enforced by this court.
A confidential employe is under an implied duty not to use, to the disadvantage of his employer, knowledge of his employer's trade secrets, which he gains through the confidence reposed in him, and this duty continues after the relation of master and servant has been dissolved. So far as the contract can be construed as a definition of this duty, it is not contrary to public policy, but it does not appear that Keller is using or proposes to use knowledge of any trade secrets of complainant. A former employe is at liberty to sell to the customers of his old employer and he need not attempt to wipe from his memory the prices and terms of credit of the latter. Salomon v. Hertz,40 N.J. Eq. 400.
The bill of complaint will be dismissed. *Page 198