I am advised that an appeal has been taken from this court's order directing the complainant to make fuller and more particular statement in her bill of complaint. Hence this memorandum.
Complainant's bill is brought against her former husband, Samuel S. Fishman, Jr., and against Fishman's, Inc., a corporation. The bill prays, amongst other things, that this court adjudicate that the corporate defendant has no rights, and can have no rights, against the complainant by virtue of certain restrictive covenants made by the complainant and below more particularly discussed. The bill also seeks a declaratory judgment that complainant may, despite her restrictive convenants, freely engage in Union County in the business of dealing with ladies' apparel and kindred merchandise, and that it be decreed that certain agreements signed by complainant be brought into court for the purpose of having canceled therefrom complainant's restrictive covenants.
The story told by the bill is fairly simple and to the effect that on November 8th, 1943, the individual defendant Fishman transferred to the complainant a store owned by that defendant located in New Brunswick, New Jersey, where was conducted the business of selling ladies' wearing apparel. Attached to the bill as an exhibit is the bill of sale accomplishing that transfer and containing reciprocal covenants, viz., the transferor, Samuel S. Fishman, Jr., covenanting that he would not solicit any of the customers of the New Brunswick store and would not operate a similar line of business in the County of Middlesex, and, on the other hand, complainant covenanting that she would not solicit any of the customers of Fishman's, Inc., nor engage in a similar line of business in the Counties of Union and Essex. These covenants were limited to a period of fifteen years. *Page 153 
Also attached to the bill is a supplementary agreement intended to implement the aforementioned bill of sale. In it the complainant covenanted that for the period of fifteen years she would not in Union or Essex County engage in any business similar to that then being conducted by Fishman's, Inc. (the corporate defendant), and that she would not solicit any of the customers of that company. In the same instrument Fishman agreed that for the like period of time he would not engage anywhere in Middlesex County in a business similar to the New Brunswick business transferred to the complainant nor solicit any of the customers of the New Brunswick business.
About a year later a third agreement was drawn between the parties and a copy of it is annexed to the bill. The only part of present interest is that the earlier restrictive covenants were modified so that complainant's covenant was confined to the County of Union, there being eliminated from the area of restriction the County of Essex. The agreement declares that the covenant, as modified in point of area, shall inure to the benefit of the parties (complainant and the defendant Samuel S. Fishman, Jr.) and of Fishman's, Inc., a corporation, its successors or assigns, and of Brooks of New Brunswick. Brooks is the trade name under which complainant conducts her New Brunswick business. Although the covenant is expressly stated to be for the benefit of Fishman's, Inc., a corporation, nowhere in any of the three exhibits attached to the bill of complaint does it appear that that company is owned by Fishman individually or that he has any property interest or stake therein. Complainant was obviously aware of this omission of recital, for in the bill of complaint there is not the slightest indication of any property relationship or connection between the individual defendant Fishman and the corporate defendant, Fishman's, Inc. On the contrary, complainant's bill, in its attack upon her covenant, charges, amongst other things, that complainant may lawfully compete with Fishman's, Inc., in Union County because (a) complainant's restrictive covenant "was not accompanied by the sale of any business from Fishman's, Inc.," and (b) "Fishman's, Inc., furnished no consideration, nor *Page 154 
did it agree to furnish any consideration, to the complainant for her undertaking not to compete with it."
The charges of the bill last stated and, in fact, a reading of the whole bill, leaves the rather clear impression that Fishman's, Inc., intended to be protected by complainant's restrictive covenants, was a total stranger, in no way related to or connected with the parties or the transaction out of which complainant derived her New Brunswick business. It may well be that in the absence of a property relationship between Fishman individually and Fishman's, Inc., complainant's restrictive covenants would not be enforceable in behalf of the corporate defendant. It is not necessary to decide or even discuss that point. It is, however, certain that if Fishman individually owned all or a part of the corporate stock of Fishman's, Inc., thereby indirectly owning all or a part of the business of that company in Elizabeth, Union County, he had such an interest in the Elizabeth business as sustains the restrictive covenant which he obtained from the complainant under agreements entered into by himself and the complainant, even though the intended beneficiary — Fishman's, Inc., — was not a party signatory to those agreements. It is settled law that the vendor of property may lawfully exact from the purchaser a covenant not to use the same in competition with any business retained by the seller. See the leading case of United States v. Addyston Pipe and Steel Co.,85 Fed. Rep. 271; also Yanko v. Goldberg, 98 N.J. Eq. 536;131 Atl. Rep. 513; 101 N.J. Eq. 170; 137 Atl. Rep. 645; Palumbo
v. Piccioni, 89 N.J. Eq. 40; 103 Atl. Rep. 815. It matters not whether the business retained by the seller (the covenantee) is owned by him individually or by a company in which he has stock participation. Fleckenstein Bros. Co. v. Fleckenstein (Courtof Errors and Appeals), 76 N.J. Law 613; 71 Atl. Rep. 265;Stevens Thompson Paper Co. v. Brady, 106 N.J. Eq. 410;151 Atl. Rep. 92; National Enameling and Stamping Co. v. Haberman,120 Fed. Rep. 415.
A petition was presented to me to compel the complainant, under the rules of this court, to furnish fuller and more particular statement in her bill of complaint concerning the true *Page 155 
property relationship between Fishman individually and Fishman's, Inc., a corporation. The petition and affidavit attached thereto alleged that Fishman individually was the owner of all the issued and outstanding capital stock of Fishman's, Inc., and that such fact had for years past been well known and understood by complainant, and that such fact of ownership and complainant's knowledge thereof are material to the issue presented by the bill and are facts material on the question of the validity and sufficiency of the complainant's bill. The defendants charged that those facts were willfully omitted from the bill of complaint and from complainant's affidavit supporting that bill, such omission being designed to withhold from the court facts known to the complainant which materially and adversely affect the validity and sufficiency of the bill. The affidavit annexed to the petition established that at the time the complainant executed her restrictive covenant the defendant Fishman was the owner of two ladies' apparel shops, one in New Brunswick and one in Elizabeth, the former being owned by him individually and the latter through his ownership of all the stock of Fishman's, Inc. From that affidavit it further appears that when the complainant was examined in her own bankruptcy, she was questioned concerning any interest that she might have in Fishman's, Inc. She testified that her only interest was to help her husband in the business of Fishman's, Inc.; that at one time she had eighteen shares of the stock of that company which in 1940 she transferred to her husband. She was also present when Mr. Fishman was examined and he testified that he was the only shareholder of Fishman's, Inc. It further appears that at the very time that complainant's restrictive covenants were being prepared and being executed by her, her husband's ownership of the Elizabeth store was mentioned by her and discussed with her.
An order to show cause was allowed, and upon its return the defendants' application was resisted. The complainant presented her affidavit in which she admitted that shortly prior to the execution by her of her restrictive covenant "I also thought that he [Fishman individually] was the complete owner of all the corporate stock of Fishman's, Inc." *Page 156 
She also admitted that she then asked her husband to transfer the Elizabeth store to her but that he said he didn't know whether or not "he could get in all the shares." Nowhere is there any denial by her of the testimony allegedly given by her in her bankruptcy proceedings. Nor does she in her affidavit deny that she knew of her husband's ownership of at least a part of the stock of Fishman's, Inc. Her affidavit is altogether evasive and disingenuous and seems to make a play upon the use of the word "all," viz., that she didn't know he owned all of the stock of Fishman's. I am satisfied from the proofs before me and from the evasive character of her own affidavit that she knew when she furnished her restrictive covenant that it was intended to protect her husband's property interest in Fishman's, Inc., all or substantially all of the stock of which he owned to her knowledge. However, the order made for a fuller statement by complainant is confined to such facts touching her husband's ownership of the stock of Fishman's, Inc., "as are known to complainant." If it is true that complainant knows nothing on the subject, then her assertion of such ignorance would constitute a compliance with the directions of the order. Her failure so to comply strongly confirms my belief that the fact of ownership claimed by the husband was and is known to her and was willfully withheld from the allegations of the bill so that she might, without proper disclosure of the true facts known to her, enlist the aid of this court in her repudiation of her covenant. Similar conduct on the part of a complainant was strongly denounced in this court by Vice-Chancellor Backes in the case of Philip A.Singer Bro., Inc., v. A. Hollander Son, Inc., 104 N.J. Eq. 352; 145 Atl. Rep. 621, where this court, on an ex parte
application, ordered complainant to set forth, under then rule 44 of this court (now rule 45), a supplemental letter which materially affected the complainant's case and which had been deliberately omitted from complainant's bill. That supplemental letter, when disclosed, presented complainant's situation in an entirely different light, and concerning the original omission, the Vice-Chancellor said: "It comes with ill grace from a suitor appealing to a court of conscience for relief to *Page 157 
disclose only half the truth. Suppression of facts material to the issue is neither ingenious nor ingenuous, and proper discipline would be to deny a hearing."
Chancery rule 45 provides that if any pleading be insufficient, the court may order a fuller and more particular statement to be made therein. Rule 46 provides that the Chancellor may, in his discretion, "order further and better particulars to be given of any matter stated in any pleading, or may order a bill of particulars to be given, in any case in which it may be justly required.
The situation is not without precedent in our own Court of Errors and Appeals. In Schrafft v. Wolters, 63 N.J. Eq. 793;52 Atl. Rep. 694, complainant had omitted to set forth inextenso a deed upon which her cause of action depended. For that reason a motion to dismiss was made. The motion was denied and the defendants were put to their defense. This action of the Vice-Chancellor was reversed. The appellate court said that many of the facts and circumstances upon which the effect to be given to the deed must depend were not expressed in the bill of complaint and that to require the defendants to answer such bill was to embarrass them improperly. The Court of Errors and Appeals held that the motion to dismiss should prevail unless the complainant, within a reasonable time to be fixed by the Chancellor, would apply for leave to amend the bill by setting out therein the omitted facts. That case is of striking force, for the omission of the Vice-Chancellor there to do what I did in the instant case was held reversible error.
It is a matter of ancient tradition and requirement in equity pleading that suitors for relief shall present their causes fully, frankly and honestly. So compelling is this rule that proper equity pleading requires complainants to anticipate, within reason, probable defenses. Pleadings are required to be explicit and from the heart. In my opinion complainant's bill here falls far short of all these requirements, and I might well have followed the suggestion made by Vice-Chancellor Backes in the case of Philip A. Singer Bro. v. A. Hollander Son,supra, to deny a hearing. I refrained from so doing and required the complainant to do no more than state the truth as she knows it. *Page 158